Petitioner now seeks review by certiorari of an order of the Chancellor denying the following Motions, to wit:
"1. Motion to Dismiss Fred W. Cook as a party-defendant to the amended cross-bill of the Federal Construction Company. (Tr. p. 90-94)
"2. Motion to Dismiss Fred W. Cook as a (Tr. p. 65) party-defendant to the amended cross-bill of the Pittsburgh Plate Glass Company. (Tr. p. 109a-109d)
"3. Motion to Dismiss Fred W. Cook as a (Tr. p. 16) party-defendant to the amended cross-bill of Ross-Carson Weaver-Loughridge Lumber Company. (Tr. p. 80-82)
"4. Motion for Compulsory Amendment of amended cross-bill of Federal Construction Company. (Tr. p. 95-100)
"5. Motion for Compulsory Amendment of amended cross-bill of Pittsburgh Plate Glass Company. (Tr. p. 106-109)
"6. Motion for Compulsory Amendment of amended cross-bill of Ross-Carson Weaver-Loughridge Lumber Company. (Tr. p. 83-84).
"7. Motion to Strike parts or portions of the amended cross-bill of Federal Construction Company. (Tr. p. 85-89)
"8. Motion to Strike parts or portions of the amended cross-bill of Pittsburgh Plate Glass Company. (Tr. p. 101-105)
"9. Motion to Strike parts or portions of the amended cross-bill of Ross-Carson Weaver-Loughridge Lumber Company. (Tr. p. 75-79)"
By the cross-bill of the Federal Construction Company the contract for the construction of the building was with the owner, Elizabeth J. Morgan, and its claim against the petitioner, Cook, in the language of the bill is that "Fred W. Cook orally
undertook and agreed with this cross-complainant to pay the entire cost of said construction" of the apartment house, which cost exceeded $100,000, and a prayer of the cross-bill is that "the owner of said lots and cross-defendant, Fred Cook, be decreed to pay the same."
It appears that the Chancellor erred in not sustaining Cook's motion to dismiss the cross-bill of the Construction Company in as much as it is affirmatively stated in the bill that the primary obligor is Morgan and the cross-complainant is attempting to enforce an alleged oral promise by Cook to pay the debt of another.
By cross-bill the Pittsburgh Plate Glass Company seeks to foreclose a lien for material and alleges an oral promise to pay by Cook, as did the Federal Construction Company by its cross-bill, but seeks no specific affirmative relief against Cook.
The cross-bill of Ross-Carson and Weaver-Loughridge Lumber Company seeks to foreclose a lien for material and pleads an oral promise by Cook to pay for the material *Page 652 
furnished Morgan and charges that Cook "is in equity and good conscience obligated to pay for the entire construction of said building and should be required to do so by this court."
The three cross-bills are seeking to hold Cook liable for the debt of another on an alleged promise not "in writing and signed by the party to be charged" as prescribed by Section 725.01, F.S. 1941 F.S.A., (Statute of Frauds) and this same section prescribes that "no action shall be brought" on such a promise unless it is in writing.
The cross-bills were filed in a suit instituted by H.W. Holland, as trustee, to foreclose a $60,000 mortgage, and it is alleged that Holland is trustee for Cook and that Cook is the real party at interest. Whether he is or not is not material to the cross-bills. Whether such matter is sufficiently material or material to the mortgage foreclosure to permit its being set up in an answer to the foreclosure is not the question before us.
The order of the Chancellor denying the motions of Cook addressed to the three cross-bills above referred to was error; the petition for rehearing should be granted; and said order should be quashed accordingly.